IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| ERIC BEAVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:21cv365 |
| | ) |
| CITY OF VIRGINIA BEACH, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff Eric Beaver and for his Complaint against the Defendant City of Virginia Beach alleges and says as follows:

### PARTIES

1. Plaintiff is a citizen and resident of Chesapeake, Virginia. He is employed as a Master Police Officer with Defendant.

2. Defendant is a municipality. It has a police department through which it employs Plaintiff.

3. At all times relevant herein, Defendant was a covered entity and an employer as those terms are defined in 42 U.S.C. § 12111.

### JURISDICTION AND VENUE

4. This is an action for damages, declaratory, and injunctive relief under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111, et seq.

5. This Court has subject matter jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331.

6. A substantial part of the events and omissions giving rise to Plaintiff's claim

occurred in this district, and Defendant's unlawful employment practices were committed in this district.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

7.  Plaintiff filed a Charge of Discrimination against Defendant for the unlawful employment practices set forth herein with the U.S. Equal Employment Opportunity Commission and did so within the required time limits specified by law and regulation.  Plaintiff received a notice of right to sue from the Department of Justice, Civil Rights Division, and instituted this action within ninety days of his receipt of said notice.  Plaintiff has satisfied all pre-filing requirements for this action pursuant to 42 U.S.C. § 2000e-5(e) and (f).

## FACTUAL ALLEGATIONS

8.  Plaintiff began working as a police officer for Defendant in 2010.  Plaintiff was fully qualified for and able to perform all the essential functions of the position of police officer.

9.  In April 2016, Plaintiff developed a medical condition.  The condition affected his neurological system and involved a seizure in April 2016.

10.  Plaintiff underwent surgery on May 6, 2016, to remedy the condition.  During the surgery, the neurosurgeon induced a seizure as a diagnostic measure of the underlying condition.

11.  The surgery was successful and remedied the underlying condition that had caused a seizure in April.

12.  Plaintiff informed Defendant of his medical condition, the surgery, and his subsequent recovery.

13.  Plaintiff's physician certified him as fit for return to full duty as a police officer beginning November 1, 2016.  From that date, Plaintiff was fully qualified for and capable of performing all of the essential functions of his position as a police officer.

14.  Plaintiff provided his fitness for duty certification to Defendant.

15. Defendant refused to return Plaintiff to full duty as a police officer for two full years until November 1, 2018, despite his qualifications and ability to perform all of the essential functions of his position.

16. Defendant refused to reasonably accommodate Plaintiff to permit his return to work as a police officer between November 1, 2016, and November 1, 2018, and refused even to engage in the interactive reasonable accommodation process required by the ADA.

17. Defendant has adopted a policy that arbitrarily prohibits the return to full duty of a police officer for two years following a seizure, regardless of the ability of the officer to perform the essential functions of the position and regardless of the absence of any underlying condition that puts the individual at greater risk of a seizure than the general public or any other police officer.

18. Defendant applies this policy to all applicants for police officer positions and to all police officers.

19. Defendant applied this policy to Plaintiff from November 1, 2016, to November 1, 2018, despite his continuous protest to his chain of command and to Defendant's human resources and occupational health departments that the policy was discriminatory and unlawful under the ADA.

20. Defendant arbitrarily extended the policy's application to Plaintiff, in disregard of the medical evidence, to bar him from returning to work as a police officer for two years following his surgery rather than from the date of his seizure in April 2016.

21. Defendant subsequently arbitrarily extended the policy's application to Plaintiff, in disregard of the medical evidence, to bar him from returning to work as a police officer in May 2018, and refused to allow him to return for an additional six months until November 1,

2018.

22. Defendant made prohibited medical inquiries of Plaintiff and his treating physicians as to the nature and severity of his neurological condition.

23. Plaintiff has been damaged as the result of Defendant's discrimination set forth herein to include all of the counts below. He has lost career development and promotion opportunities and suffered emotional pain and suffering, wounded feelings and mental anguish, loss of wages, future pecuniary loss, and other damages.

24. Defendant's conduct evinced a reckless and callous indifference to the federally protected rights of Plaintiff.

**COUNT ONE – DISPARATE TREATMENT DISCRIMINATION UNDER THE ADA**

25. Plaintiff realleges the allegations set forth above as if fully set forth herein.

26. Defendant refused to permit Plaintiff to return to full duty as a police officer because it regarded Plaintiff as disabled based on the medical condition that arose in April 2016, resulted in surgery on May 6, 2016, and resulted in him being placed out of work by his treating physician until November 1, 2016.

27. Defendant refused to permit Plaintiff to return to full duty as a police officer because of the record of his disability from the medical condition that arose in April 2016, resulted in surgery on May 6, 2016, and resulted in him being placed out of work by his treating physician until November 1, 2016.

28. In the alternative, Plaintiff is a qualified individual with a disability, namely a neurological condition that substantially limits the operation of his neurological bodily function, who at all times after November 1, 2016, was able to perform the essential functions of his position with or without a reasonable accommodation.

29. Defendant refused to permit Plaintiff to return to work as a police officer on November 1, 2016, and continuing to November 1, 2018, because of his disability.

30. Defendant's conduct resulted in the disparate treatment of Plaintiff on the basis of and because of his disability in violation of the ADA.

**COUNT TWO – DISPARATE IMPACT DISCRIMINATION UNDER THE ADA**

31. Plaintiff realleges the allegations set forth above as if fully set forth herein.

32. Defendant's policy that arbitrarily prohibits the return to full duty of a police officer for two years following a seizure, regardless of the ability of the officer to perform the essential functions of the position and regardless of the absence of any underlying condition that puts the individual at greater risk of a seizure than the general public or any other police officer, is not predictive of who can perform the essential functions of the police officer position and is not significantly correlated with elements of work duties that are relevant to the job.

33. The policy has a disparate impact on qualified individuals with a record of a disability, who are regarded as disability, of have a disability, such as Plaintiff. Individuals not protected by the ADA are treated better under the policy.

34. But for Defendant's discriminatory policy, Plaintiff would have been returned to full duty as a police officer on November 1, 2016.

35. Defendant's policy is an unlawful employment practice that causes a disparate impact on the basis of disability.

36. Defendant's application of the policy against Plaintiff resulted in a disparate impact on Plaintiff on the basis of and because of his disability in violation of the ADA.

**COUNT THREE – DISPARATE IMPACT FROM FAILURE TO REASONABLY ACCOMMODATE UNDER THE ADA**

37. Plaintiff realleges the allegations set forth above as if fully set forth herein.

38. Defendant's refusal to engage in the interactive reasonable accommodation process for employees it subjects to the policy, including Plaintiff, is an unlawful employment practice that causes a disparate impact on the basis of disability.

39. Defendant's failure to reasonably accommodate resulted in a disparate impact on Plaintiff on the basis of and because of his disability in violation of the ADA.

**COUNT FOUR – DISPARATE TREATMENT FROM FAILURE TO REASONABLY ACCOMMODATE UNDER THE ADA**

40. Plaintiff realleges the allegations set forth above as if fully set forth herein.

41. Defendant refused to engage in the interactive reasonable accommodation process and refused to reasonably accommodate Plaintiff to permit Plaintiff to return to work as a police office on November 1, 2016, and continued in its refusal until November 1, 2018.

42. Defendant's failure to reasonably accommodate resulted in the disparate treatment of Plaintiff on the basis of and because of his disability in violation of the ADA.

WHEREFORE, Plaintiff respectfully prays the Court:

1. That Plaintiff be awarded back pay and benefits, compensatory damages, and punitive damages from Defendant;

2. That Plaintiff be awarded prejudgment interest on all damages;

3. That Plaintiff recover attorney fees and costs from Defendant;

4. For a declaration that Defendant violated the ADA;

5. For a permanent injunction prohibiting Defendants from enforcing its policy that arbitrarily prohibits the return to full duty of a police officer for two years following a seizure,

regardless of the ability of the officer to perform the essential functions of the position and regardless of the absence of any underlying condition that puts the individual at greater risk of a seizure than the general public or any other police officer;

6. For a permanent injunction prohibiting Defendant from refusing to hire, retain, or reinstate employees with disabilities without engaging in the interactive reasonable accommodation process;

7. For a permanent injunction prohibiting Defendant from engaging in prohibited medical inquiries;

8. For a trial by jury on all issues so triable; and,

9. For such other and further relief as the Court may deem just and proper.

This the 1st day of July, 2021.

**ERIC BEAVER**

_____/s/_____  
Counsel

James R. Theuer (VSB #68712)  
Attorney for Plaintiff Eric Beaver  
JAMES R. THEUER, PLLC  
555 E. Main St., Suite 1212  
Norfolk, VA 23510  
Tel: (757) 446-8047  
Fax: (757) 446-8048  
jim@theuerlaw.com